## In re Kline

*Brent Petrosky, Assistant District Attorney,* for Commonwealth.

*Charles R. Rosamilia, Jr.,* for juvenile.

BROWN, *P.J.*, August 28, 1980—An adjudication petition has been filed against James Lynn Kline, a juvenile born January 15, 1963, alleging that he has committed the crimes of rape, aggravated assault, indecent assault and terroristic threats. In conjunction with that petition, a petition has also been filed asking the court to transfer the case to the criminal division of the court pursuant to the provisions of the Juvenile Act, 42 Pa.C.S.A. §6355. A hearing has been held on that request and the transfer issue is now ready for disposition.

The juvenile is presently 17½ years of age, having been born on January 15, 1963. The date of the alleged offenses was August 2, 1980. The juvenile and his parents have been given due written notice of the time and place of the transfer hearing. It further appears that James Lynn Kline is not committable to an institution for the mentally retarded or mentally ill and that the charges of rape, aggravated assault and terroristic threats all provide for a maximum sentence of more than three years. These facts would support a transfer of the case provided that there has been a showing of a prima facie case on one or more of the aforesaid charges, and further, that the court finds reasonable grounds to believe that the juvenile is not amenable to treatment, supervision or rehabilitation as a juvenile through available facilities. These last two

matters are at issue and will be addressed by the court.

With regard to the showing of a prima facie case, the court is satisfied that such a case has been made out with regard to the charges of rape, indecent assault and terroristic threats. No such case has been made with regard to aggravated assault and the Commonwealth, recognizing this deficiency, has withdrawn any request to have the matter transferred as to this offense. The incident giving rise to the charges occurred on August 2, 1980 at approximately 1:40 a.m. The alleged victim is Karen Peck who is 19 years of age and unmarried. According to Miss Peck's testimony, she and defendant were at a playground at the time in question when she went into a log cabin located on the playground with defendant. At this time he forced her to have sexual intercourse against her wishes and threatened her with some bodily harm throughout the incident. The Lock Haven City Police became involved in the incident based upon a call from a third party following which the within adjudication petition was filed.

The juvenile has offered numerous witnesses who were near or about the area or who had contact with the victim immediately after the alleged incident; the witnesses apparently are prepared to show that the victim's conduct is inconsistent with the assertion that she had been raped. However, in determining if a prima facie case is present, it is only the court's responsibility to decide whether if the Commonwealth's evidence were accepted by a jury, it would support a conviction on the charges in question. Based solely on the victim's alleged testimony, the court is forced to conclude that such a prima facie case has been made and further that

guilty verdicts could be sustained on her testimony if a jury saw fit to return such verdicts.

With regard to the juvenile's amenability to treatment, the court further concludes that based upon his age of 17 as well as his maturity and prior contacts with Juvenile Probation Services that he is not so amenable. It is to be noted that the juvenile is presently within five months of his 18th birthday and adulthood, and as such, there is little time in which to attempt to treat him as a juvenile through any available institutional facility. His maturity is also a matter to be considered since it appears to the court that he has not attended school regularly since the eighth or ninth grade and that he is pretty much on his own even though he resides at home. Accordingly, having developed such maturity over the last several years, it is difficult to envision that Juvenile Probation Services could have much of an impact on him since his makeup and maturity more nearly equate him with being an adult rather than a child. In addition, he has had contact with Juvenile Probation Services primarily in the area of attempting to collect fines and costs for various summary offenses, and these endeavors have not been particularly successful nor does it appear that the juvenile has been impressed at all by these efforts with the consequences of criminal conduct. Therefore, the court concludes that the past history of the juvenile does not demonstrate any particular success or amenability to treatment through Juvenile Probation Services as a juvenile.

## ORDER

And now, August 28, 1980, based upon the foregoing memorandum, it is hereby ordered that the

Juvenile Act, 42 Pa.C.S.A. §6301 et seq., is not applicable to these proceedings and the offenses of rape, indecent assault and terroristic threats should be prosecuted and the same are hereby transferred from the juvenile division to the criminal division of this court for prosecution of the offenses as though the said James Lynn Kline were an adult.

It is further ordered that the juvenile's bail in the criminal division of the court be set at $1,000 and that the juvenile be given five working days from the date of filing of this order to post said bail. It is further ordered that the juvenile present himself for arraignment on these charges in Courtroom No. 1 on September 29, 1980 at 9:30 a.m.